IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANGELA STANLEY,
Plaintiff,

vs. Case No.: 5:06cv81/MCR/EMT

EDGAR MORALES, et al.,
Defendants.
_________________________________/

**O R D E R**

This matter is before the court upon Plaintiff's Response to Defendants' Supplemental Response to Motion for Discovery (Doc. 53). Plaintiff asserts that Defendants' Supplemental Response to Motion for Discovery (Doc. 46) failed to the comply with the order of this court requiring them to supplement their original discovery materials (*see* Doc. 44). Plaintiff seeks a ruling that Defendants failed to comply with the court's order (*see* Doc. 53 at 5). The court construes the instant filing as a motion to compel Defendants' compliance with the order requiring them to supplement their discovery materials.

In Plaintiff's discovery request, she sought the following:

> 1. An affidavit from Latash Godwin, a correctional officer at the Federal Correctional Institution in Marianna, Florida (FCI-Marianna), regarding her observations during Plaintiff's medical appointment with Dr. Thomas Mitchell. Plaintiff asserted that Ms. Godwin could provide information about the injury to Plaintiff's arm as reflected on the x-rays reviewed by Dr. Mitchell during the appointment.
>
> 2. An affidavit from Diann Hassan, a member of the medical staff at FCI-Marianna, who was the first person to treat Plaintiff's injuries on March 5, 2004, and provided follow-up medical care. Plaintiff asserted that Ms. Hassan could verify that she provided Plaintiff an arm splint and sling on March 5, and the splint and sling had been removed from Plaintiff's possession by March 8, 2004, when Hassan attended a consultation with Defendants Berrios and Morales.

3. An affidavit from Dr. Thomas Chad Mitchell, a contract orthopedic surgeon who examined and treated Plaintiff for her injuries. Plaintiff asserted that Dr. Mitchell could provide information about the extent of Plaintiff's injuries and the post-operative therapy he recommended. Plaintiff also seeks medical records, including x-rays, in Dr. Mitchell's possession to verify the extent of her injuries.

4. An affidavit from Tara Hollinger, a member of the medical staff at FCI-Marianna during all times relevant to this action, who took x-rays of Plaintiff's right arm. Plaintiff asserted that Ms. Hollinger could provide information about the extent of Plaintiff's injuries, including the obviousness of the injury to Plaintiff's arm.

5. An affidavit from James Metoyer, a Senior Officer Specialist at FCI-Marianna at all times relevant to this action. Plaintiff asserted that Mr. Metoyer could provide information about the extent of Plaintiff's injuries and her "daily medical struggles."

6. Documentation from the Florida Medical Licensing Service as to the status of the medical licenses of Defendants Berrios and Morales during 2004.

(Doc. 42).

Defendants responded to Plaintiff's discovery requests by supplying declarations from Latash Godwin, Diane Hassan, James Metoyer, and Tara Hollinger (Doc. 43, exhibits). Defendants argued that the remaining information sought by Plaintiff, specifically, an affidavit from Dr. Thomas Chad Mitchell and all medical records in his possession, as well as documentation from the Florida Medical Licensing Service, was not necessary to Plaintiff's case (Doc. 43 at 2).

Upon review of Plaintiff's motion and Defendants' response, the court granted the discovery requests numbered 2, 3, and 4, as enumerated above, to the following extent:

Request 2. Defendants shall provide to Plaintiff and to the court an affidavit from Diann Hassan regarding her knowledge of when the ortho glass splint and arm sling were removed from Plaintiff's possession and by whom;

Request 3. Defendants shall provide to Plaintiff and to the court an affidavit from Dr. Thomas Chad Mitchell, an orthopedic surgeon with whom the BOP contracts, regarding the extent of Plaintiff's injuries and the post-operative therapy he recommended. In addition, Defendants shall provide copies of Plaintiff's medical records, including x-rays, prepared by Dr. Mitchell.

> Request 4. Defendants shall provide to Plaintiff and to the court an affidavit from Tara Hollinger regarding the obviousness of Plaintiff's injuries on the day Ms. Hollinger took x-rays.

(*see* Doc. 44). The court denied Plaintiff's remaining requests (*id*.).

In response to the court's order, Defendants submitted supplemental materials including the same declaration from Diane Hassan that was previously provided, a declaration from Tara Hollinger which included the information sought by Plaintiff, medical records in the possession of Defendants, and a letter from Dr. Mitchell's office setting forth the following preconditions to providing his affidavit and documents from his office: (1) a detailed list of questions for completing the affidavit, (2) an outline or shell of the affidavit structure desired, and (3) prepayment of costs incurred in completing the affidavit and supplying the requested medical records (*see* Doc. 46).

Upon review of Defendants' supplemental discovery response and Plaintiff's motion to compel, the court concludes that Defendants have complied with the court's order by supplying the information in their possession. If Plaintiff seeks additional information from any non-party witnesses, she may file an appropriate discovery request; however, she must file her request within fifteen (15) days. Plaintiff is advised that it is her responsibility to pay the costs of said discovery, including witness fees and costs of attending written depositions, costs of the officer designated to take the written depositions and prepare the record, and copying costs of third parties from whom Plaintiff requests documents.

Accordingly, it is **ORDERED**:

1. Plaintiff's Response to Defendants' Supplemental Response to Motion for Discovery (Doc. 53), construed as a motion to compel discovery, is **DENIED**.

2. If Plaintiff seeks additional discovery material she shall file an appropriate discovery request within **FIFTEEN (15) DAYS** from the date of docketing of this order.

**DONE AND ORDERED** this 24th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**