**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

ANGELA C. STANLEY,

    Plaintiff,

vs.                                    CASE NO.: 5:06cv81/MCR/EMT

UNITED STATES OF AMERICA,
et al.,

    Defendants.
    _____/

**O R D E R**

Plaintiff, a former inmate at the Federal Prison Camp in Marianna, Florida, (FPC-Marianna) filed a second amended complaint against various named individuals and the United States of America alleging a violation of her Eighth Amendment right to adequate medical care, as well as a claim for negligence under the Federal Tort Claims Act, (FTCA), 28 U.S.C. §§ 1346(b), 267, et seq., relating to medical treatment she received for injuries resulting from a fall on a sidewalk at FPC-Marianna. Summary judgment was granted as to plaintiff's Eighth Amendment claims against all defendants, as well as to plaintiff's negligence claims under the FTCA against individual defendants. The case now proceeds on plaintiff's negligence claims against the United States of America under the FTCA with regard to an alleged injury to her finger.[1]

The uncontroverted facts indicate Plaintiff reported to Health Services United on March 5, 2004, stating she had fallen on a sidewalk and injured her right hand. Plaintiff's injuries were assessed as a strain to her right wrist and hand, x-rays were requested, and

---

[1] Plaintiff had also asserted a claim of negligence with regard to an alleged injury to her elbow, however, summary judgment was granted as to this claim.

she was placed in a splint and an arm sling.  Plaintiff returned to Health Services the following day reporting pain in her arm.  A preliminary reading of the x-rays from the previous day revealed no acute fracture or dislocation and the splint and sling were removed.  Plaintiff continued to report to Health Services with complaints of pain.  On March 18, 2004, the FPC-Marianna medical department received the report of the radiologist who read the x-rays of plaintiff's hand and wrist taken on the day of plaintiff's fall.  The report showed an acute fracture of the proximal phalanx of plaintiff's fifth finger.  A splint was applied to the finger.  Plaintiff continued to receive routine treatment.  At plaintiff's request, she was allowed to return to work with restrictions on March 29, 2004, and was advised to begin slowly performing therapy and gradual movement exercises of her finger under warm water.[2]

Plaintiff was examined by a contract orthopedic surgeon on April 6, 2004, who indicated surgery was required to correct the deformity of plaintiff's right fifth finger.  The surgery was approved and occurred on May 19, 2004.  At a follow-up appointment on July 2, 2004, the orthopedic surgeon recommended physical therapy to assist plaintiff with range of motion in her finger and instructed her on flexion and extension exercises to do before the physical therapy began.  This request was denied by the Office of Medical Designations and Transportation for the Bureau of Prisons with instructions to provide plaintiff instruction for self-guided exercises.  Plaintiff was seen by Health Services on July 18, 2004, and received instructions to continue home therapy exercises for her finger.  Plaintiff requested an exercise ball, which she did not receive until August 24, 2004.  Plaintiff was released by the orthopedic surgeon on August 9, 2004, who noted at that time that the fracture had healed well and that plaintiff may have some minor difficulties with lack of range of motion in the finger.  Plaintiff claims that her right fifth finger is "shorter" than before the accident, and she has limited range of motion in her finger as she is unable to touch the palm of her right hand with her right fifth finger by 1/2 an inch, and she cannot

---

[2]  The radiologist report from x-rays taken that day and subsequently received at Health Services recommended immobilization of the finger.

Case No.: 5:06cv81/MCR/EMT

fully extend the finger. She seeks compensatory damages for pain and suffering and future medical expenses, as well as punitive damages.

Defendant contends there is insufficient evidence to prove that the medical treatment plaintiff received departed from the prevailing professional standard of care.

Plaintiff is proceeding pro se and has moved for appointment of counsel. The court will not appoint an attorney (that is, require an attorney to accept the case). The court will, however, notify members of the court's bar that plaintiff is desirous of legal representation. This will be done through the court's electronic filing system.

As noted above, the pro se plaintiff has already survived summary judgment without the benefit of legal representation. It appears that justice would be better served if plaintiff had counsel to represent her at trial.

Accordingly, it is ORDERED:

The clerk shall send a notice to all members of the court's bar who are signed up for electronic noticing providing in substance:

> This is a notice of an opportunity to provide pro bono representation in a case ready to be set for non-jury trial in Pensacola. The case is Stanley v. United States of America, Case No.: 5:06cv81/MCR/EMT.
>
> Plaintiff, a former inmate at the Federal Prison Camp in Marianna, Florida, (FPC-Marianna) filed a second amended complaint against various named individuals and the United States of America alleging a violation of her Eighth Amendment right to adequate medical care, as well as a claim for negligence under the Federal Tort Claims Act, (FTCA), 28 U.S.C. §§ 1346(b), 267, et seq., relating to medical treatment she received for injuries resulting from a fall on a sidewalk at FPC-Marianna. Summary judgment was granted as to plaintiff's Eighth Amendment claims against all defendants, as well as to plaintiff's negligence claims under the FTCA against individual defendants. The case now proceeds on plaintiff's negligence claims against the United States of America with regard to an alleged injury to her finger. Plaintiff claims she received inadequate medical care which resulted in the deformity and permanent loss of range of motion of her finger. She seeks compensatory damages for pain and suffering and future medical expenses, as well as punitive damages. This case has not yet been set for trial.[3]

---

[3] The court will take into consideration the schedule of counsel in setting the trial date.

Case No.: 5:06cv81/MCR/EMT

Public funds are not available for payment of attorney's fees. Fees may be recoverable under applicable law if plaintiff ultimately prevails. *See* 42 U.S.C. § 1988. Limited funds sometimes are available from the district's Bench and Bar Fund for payment of out-of-pocket expenses incurred by attorneys providing representation of this type.

Members of the district's bar will be afforded access to the electronic docket without charge for the purpose of considering whether to undertake the representation. Any attorney who wishes to provide representation may contact plaintiff directly and may enter the case by filing a notice of appearance. If counsel appears, the court will hold a scheduling conference by telephone and will consider what discovery, if any, is indicated.

Any attorney who wishes to appear should file a notice of appearance by August 15, 2008.

DONE and ORDERED this 9th day of July, 2008.

        *s/ M. Casey Rodgers*
     **M. CASEY RODGERS**
     **UNITED STATES DISTRICT JUDGE**