IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANGELA C. STANLEY,
         Plaintiff,

vs.                                                                  Case No.: 5:06cv81/MCR/EMT

UNITED STATES OF AMERICA,
         Defendant.
_____/

# REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's motion to dismiss the instant civil case (Doc. 82).  Plaintiff requests that the court dismiss this action because she has limited resources and her attempts to obtain legal counsel have been unsuccessful.[1]  In a separate motion, Defendant requests that the court dismiss this cause with prejudice due to Plaintiff's failure to prosecute this action; Defendant alternatively seeks summary judgment (Doc. 81).

Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that an action may be dismissed without an order of the court by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated, the dismissal is without prejudice.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).  Here, there is no stipulation of dismissal that is signed by all the parties who have appeared in this action.  Specifically, the parties have submitted separate documents seeking dismissal of this action (*see* Docs. 81, 82).  Therefore, the parties are not entitled to automatic dismissal of this action under Rule 41(a)(1)(A)(ii).

However, the court notes that Defendant's motion to dismiss indicates that it does not oppose dismissal of this action with prejudice.  Therefore, the court will treat Plaintiff's motion as one to

---

[1] Although the court denied Plaintiff's request for appointment of counsel (that is, that an attorney be required to accept the case), the court directed the clerk to send a notice to all members of the court's bar who are signed up for electronic noticing of the opportunity to provide pro bono representation to Plaintiff (*see* Doc. 77).  No attorney accepted the opportunity.

voluntarily dismiss under Rule 41(a)(2).  Dismissal under Rule 41(a)(2) shall not be had at the plaintiff's request except by court order and on terms that the court considers proper.  Fed. R. Civ. P. 41(a)(2).  Dismissal is without prejudice unless otherwise provided in the order.  *See id.*  The Eleventh Circuit has explained:

> [t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." *Id.* at 856–57. "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857.

Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (modifications added).  Here, voluntary dismissal of this action is proper because Plaintiff is unprepared to proceed on her claim at this time.  Furthermore, Defendant has also requested that this action be dismissed.  Therefore, dismissal should be granted.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion for dismissal (Doc. 82) be **GRANTED** and this case be **DISMISSED.**

At Pensacola, Florida this 2nd day of December 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 5:06cv81/MCR/EMT